UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE D'AMBROSIO, | ) | Case No. 1:11 CV 933 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CARMEN MARINO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In 1988, Plaintiff Joe D'Ambrosio was convicted, along with Michael Keenan, of the aggravated murder of Estel Anthony (Tony) Klann, sentenced to death, and incarcerated on death row for nearly 21 years before being released in March 2010. Following two decades of litigation, the Sixth Circuit Court of Appeals affirmed the district court's ruling that the prosecution withheld a significant amount of exculpatory and impeachment evidence from D'Ambrosio's criminal counsel, and later affirmed the district court's ruling barring his re-prosecution. D'Ambrosio now seeks monetary compensation from two county prosecutors, the lead investigator, the county coroner, the City of Cleveland and Cuyahoga County for the years he was incarcerated as the result of his unconstitutionally procured conviction.

Presently before the Court is Defendant City of Cleveland's Motion for Judgment on the Pleadings, filed on June 4, 2012 ("Motion"). (**Doc #: 34**.) For the following reason, the Motion is **DENIED**.

**I.**

In Count II of the Second Amended Complaint, D'Ambrosio asserts a federal claim against Detective Leo Allen and the City of Cleveland, under 42 U.S.C. § 1983, for committing *Brady* due process violations, i.e., withholding exculpatory evidence in the course of his criminal trial. Specifically, D'Ambrosio asserts the following allegations:

> 91. Defendant Leo Allen failed to disclose exculpatory evidence to D'Ambrosio prior to, during, and after his trial. The concealed exculpatory evidence was material, and the failure to turn over the evidence gave rise to constitutional violations of D'Ambrosio's rights under *Brady v. Maryland*, and the Fourteenth Amendment to the United States Constitution.
>
> 92. Furthermore, Leo Allen was a policymaker, on behalf of himself and the City of Cleveland. The decisions he made in connection with the aforementioned *Brady* violations were final, and not reviewable by any other higher authority within the police department. He reported to no one and, as far as the investigative decisions made in this case, as well as others, his decision was final as to what was disclosed or not disclosed to the defense.

(Doc #: 20, at 28.)

The City now argues that these allegations are insufficient to satisfy the pleading requirements for bringing a *Monell* claim[1] against the City under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] In *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality may be held liable under § 1983 for the unconstitutional acts of its employees if either a municipality's official policy or one of its customs is the source of the injury. *Id.* at 694. In order to demonstrate *Monell* liability, a plaintiff must show that the official policy in question is the moving force behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (citing *Monell*, 436 U.S. at 694). Thus, unless an official policy maker is involved in an underlying constitutional violation, the existence of an unconstitutional policy or custom cannot be demonstrated by the occurrence of a constitutional violation alone. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In order to assert a *Monell* claim, Plaintiff must plead sufficiently plausible factual allegations showing that Detective Allen was a final policymaker in the investigation of Tony Klann's murder. According to the City, Detective Allen is not, and as a matter of law cannot be, a final policymaker based on Cleveland Charter § 116, Cleveland Codified Ordinance § 135.09, and *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

In an opposition brief, Plaintiff counters that a lead officer on a particular case can in fact be deemed a policymaker such that the actions he or she takes can be attributed to the municipality. (See generally Doc #: 41.) In support, Plaintiff cites, among other cases, *Monistere v. City of Memphis*, 115 Fed. Appx. 845 (6th Cir. 2004); *Kammeyer v. City of Sharonville*, No. 01-649, 2006 WL 1133241 (S.D. Ohio Apr. 27, 2006); *Rush v. City of Mansfield*, 771 F.Supp.2d 827 (N.D. Ohio 2011).

## II.

The Court has reviewed the Motion, the opposition brief, the reply brief (Doc #: 44) and the cases cited therein. For reasons best articulated by Plaintiff in his opposition brief, the Court **DENIES** the pending Motion (**Doc #: 34**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    October 2, 2012*
**Dan Aaron Polster**
**United States District Judge**